TERRELL, Justice.
Appellees were employed by appellants to perform certain legal services and were paid a retainer of $2,500, conditioned on payment of a satisfactory fee upon successful completion of the services, the amount of which was to be commensurate with the services rendered. Payment of the additional fee being refused, appellees brought this suit, the complaint praying for damages in the sum of $7,500. The answer of the defendants admits the employment of the plaintiffs and that they were to be paid *213 additional fees if the services terminated favorably, but they say that in the event plaintiffs and defendants were unable to agree on amount of the fee, the matter would be left to the sole discretion of Frank S. Cannova, a reputable attorney of Hollywood, Florida; that the parties have not been able to agree on the fee and that plaintiffs have refused to allow Cannova to fix said fee. Trial was had before the court, who heard the testimony and entered judgment for the plaintiffs in the sum of $5,000.
The1 parties have complicated the case by arguing several questions but in our view, the sole question necessary to determine is whether or not the plaintiffs had a contract with defendants on which the balance of their fee would be determined and paid, or were they required to produce evidence to prove the reasonable value of the services rendered and fee fnem accordingly.
The trial' court proceeded on the theory that there was a contract between the parties to submit any dispute as to fees to Mr. Cannova for adjustment; that the amount set by him at the trial was $5,000 and being so, the plaintiffs had proven their case and were entitled to recover the amount without further ado as to value of the services.
Appellants contend that the trial court was in error because Cannova allegedly had previous to trial expressed variety of views as to what a reasonable fee for the services would be, all inconsistent with the $5,000 amount that he set at trial; that the amount testified to by Cannova was unreasonable and arbitrary; that the results of the litigation were not satisfactory; that they received no benefits from the litigation and being so, they should be required to account to plaintiffs on the basis of quantum meruit or on the-basis of a reasonable fee for the services rendered. To support their contention appellants charge variance in the proof and the allegations of the complaint and the further fact that quantum meruit was not proven.
We have given due weight to these contentions of the appellants but we are of the view that the answer of the defendants put the issue to be determined before the trial court by their having admitted that the legal services performed merited additional fees and that it was Mr. Canno-va’s sole responsibility to set the additional fee. Since this was true, further proof of the reasonableness of the fee became unimportant. Mr. Cannova was thoroughly familiar with the services performed, knew the parties and was competent to determine the fee. ■ His determination of the fee under the circumstances is binding upon the appellants. In view of the liberal provisions of Common Law Rule 15 (b), now appearing as Rule 1.15 (b), F.S.A., which in part relates to the rule that failure to amend the -pleading after trial does not affect the results, such variance is not fatal in the present case. In addition this conclusion is supported by the time honored rule that an award made by the person mutually agreed upon in the event of a dispute will not be disturbed except under a clear case warranting an overthrow of the award. 3 Am.Jur.,- Sec. 135, Arbitration and Award.
It is .accordingly our view that the judgment appealed from must be and is hereby affirmed.
Affirmed.
DREW, C. J., and SEBRING and ROBERTS, JJ., concur.